UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHAMAR AVERY,

        Petitioner,

v.

JOHN PRELESNIK,

        Respondent.
_____/

Case No. 1:04-CV-289

Hon. Richard Alan Enslen

**<u>OPINION</u>**

      This matter is before the Court on Respondent John Prelesnik's Motion for Stay Pending Appeal for expedited consideration. Petitioner Chamar Avery has responded in opposition and filed a Motion for Immediate Release or Reasonable Bond. The Court discerns no reason for oral argument. *See* W.D. Mich. LCivR 7.2(d). For the reasons given, the Court denies both Motions.

**I. BACKGROUND**

      Petitioner was convicted by a jury of second degree murder on July 18, 2000. He was sentenced to 20 to 50 years in prison. Petitioner appealed to the Michigan Court of Appeals, which remanded the matter for a Ginther[1] hearing on his ineffective assistance of counsel claims. Upon concluding the *Ginther* hearing, the Michigan trial court denied Petitioner's claims. Petitioner then filed a supplemental brief in the Michigan Court of Appeals alleging, *inter alia*, that he was denied effective assistance of counsel by his trial attorney's failure to present an alibi defense or produce alibi witnesses at trial. The Michigan Court of Appeals affirmed Petitioner's conviction. The Michigan Supreme Court thereafter denied Petitioner's motion for leave to appeal.

---

[1] *People v. Ginther*, 212 N.W.2d 922 (Mich. 1973).

Petitioner filed a habeas corpus petition on April 26, 2004. On November 8, 2007, this Court granted Petitioner a conditional Writ of Habeas Corpus after it concluded that he was denied his right to the effective assistance of counsel because of his trial attorney's failure to investigate, contact and interview alibi witnesses, and his failure to produce them at trial. The Court ordered Respondent to either release Petitioner from custody or afford him a new trial within 120 days. Respondent thereafter appealed to the Sixth Circuit Court of Appeals. On November 27, 2007, Respondent filed the present Motion for Stay Pending Appeal. Petitioner promptly filed a Response and the present Motion for Immediate Release or Reasonable Bond on November 28, 2007.

To assist the Court in adjudication, a Reply was ordered from Respondent on December 6, 2007. *See* W.D. Mich. LCivR. 7.3(c). The Court granted Respondent 14 days to address the following seven issues:

(1) whether Petitioner's request for release or bond should be granted;
(2) whether, if the Court grants bond, any conditions should be imposed on Petitioner;
(3) whether, if the Court grants bond, applicable costs should be paid by Petitioner (*e.g.* electronic monitoring);
(4) whether Petitioner has made a strong showing that he is likely to succeed on the merits;
(5) whether the issuance of a stay will substantially injure Petitioner;
(6) whether the public interest favors releasing Petitioner;[2] and
(7) whether a hearing is necessary.

To date, Respondent has not complied with the Court's Order nor has Respondent requested an extension of time. Being that time is of the essence for both parties, the Court can wait no longer.

---

[2] The Court notes that Respondent summarily addressed issues (4), (5), and (6) in his brief in support of the Motion for Stay Pending Appeal; however, his argument comprised approximately one-half of a page and did not cite any authority. In its Order, the Court sought substantive discussion of these issues, including citation to pertinent legal authorities.

## II. LEGAL STANDARDS

Federal Rule of Appellate Procedure 23 governs the parties' Motions. "While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision . . . orders otherwise—be released on personal recognizance, with or without surety." Fed. R. App. P. 32(c). In *Hilton v. Braunskill*, the Supreme Court held that Rule 23 "undoubtedly creates a presumption of release from custody." 481 U.S. 770, 774 (1987). This presumption, however, may be overcome in the court's discretion. *See id.*

The factors regulating the issuance of a stay are as follows:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776. These factors, however, contemplate individualized judgments in each case so "the formula cannot be reduced to a set of rigid rules." *Id.* at 777. Along with these factors, the court can consider the state's interest in continuing custody and rehabilitation pending a final determination of the case on appeal, risk of flight absent a stay, and whether the prisoner's release absent a stay will pose a danger to the public. *Id.* The interest of the habeas petitioner in release pending appeal, while always substantial, is strongest where risk of flight, danger to the public, and the state's interest in continuing custody and rehabilitation is low. *See id.* at 777–78.

## III. ANALYSIS

### A. Success on the Merits

Respondent's arguments concerning the merits of the appeal are the same as those rejected in the Court's previous Opinion and Writ. These arguments are no more convincing now than they

were then. Thus, the Court finds that Respondent has failed to make a strong showing that he is likely to succeed on the merits. In support of this proposition, the Court adopts by reference its Opinion granting Petitioner habeas relief. *See Avery v. Prelesnik*, No. 1:04-CV-289, 2007 WL 3346520, at *2–6 (W.D. Mich. Nov. 8, 2007).

The Court notes that this previous determination in no way suggested that the evidence presented at Petitioner's trial necessarily compels the conclusion that Petitioner is innocent. Rather, the Court found that Petitioner's trial counsel was constitutionally ineffective and that Petitioner is entitled to a new trial—with effective counsel—before he can be adjudicated guilty or not guilty.

B. Irreparable Injury to Respondent

Respondent argues that citizens of the State would be irreparably injured in the absence of a stay and that general public safety concerns should be paramount. As an initial matter, the Court notes that general public safety concerns have no bearing on this factor of the *Hilton* test and that citizens of the State are not considered the "applicant" for purposes of this factor—the applicant is Respondent. *See generally Hilton*, 481 U.S. at 776.

The Court finds Respondent will not be irreparably injured absent a stay. Assuming the Sixth Circuit reaches a decision on Respondent's appeal after the 120-day period has passed, which is highly likely, Respondent suffers no injury. The Court's decision does not foreclose Respondent from retrying Petitioner after the 120-day period has passed; it simply requires Respondent to *release* Petitioner from custody if Petitioner is not retried within 120 days of the Court's Writ.

> While Congress has entrusted to the federal courts the power to dispose of petitions for writs of habeas corpus "as law and justice require," we recognize that "holding a conviction invalid and granting the writ do not generally bar retrial on the original charge." A conditional grant of a writ of habeas corpus requires the petitioner's release from custody if new proceedings are not commenced by the state within the

> prescribed time period. However, the state is not precluded from rearresting petitioner and retrying him under the same indictment.

*See Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985) (internal citations omitted). Thus, the Court finds that this factor also weighs in favor of Petitioner.

### C. Substantial Injury to Petitioner

Respondent argues that Petitioner will not be substantially injured by a stay. Respondent notes the Court did not grant Petitioner habeas relief based on actual innocence or insufficient proofs and thus, Respondent argues, there is reason to question Petitioner's violent tendencies. As courts have found, the injury sustained by Petitioner would obviously be very high if he is innocent and a stay operates to keep him in prison after the 120 days have passed for retrying him. *See, e.g., Taylor v. Withrow*, No. OO-CV-72292-DT, 2001 WL 902497, at *3 (E.D. Mich. Aug. 2, 2001) (finding that "petitioner would suffer irreparable harm each day that he would remain imprisoned in violation of the U.S. Constitution"); *Harrison v. Ryan*, CIV. A. No. 87-7439, 1990 WL 45740, at *2 (E.D. Pa. Apr. 12, 1990) (concluding that "the liberty interest of an improperly convicted prisoner is stronger than any injury that may be caused to the [State] in releasing petitioner from custody pending retrial"). It is nearly impossible to compensate an innocent man for time lost in prison. Therefore, the Court finds that this factor also weighs in favor of Petitioner.

### D. Public Interest

Respondent argues the public deserves and expects that the integrity of state convictions will be honored in all but the most extraordinary cases. Respondent suggests the risk to the public of releasing a convicted murderer outweighs Petitioner's interest in release pending appeal. In

considering the public interest, "[o]ne would be hard pressed to find a standard more nebulous than whether something serves the public." *Kahn v. Elwood*, 232 F. Supp. 2d 344, 352 (M.D. Pa. 2002).

Contrary to Respondent's argument, the Court believes the public expects that courts will uphold the integrity of the United States Constitution if confronted with an improper conviction. *Cf. Harrison*, 1990 WL 45740, at *3. Individuals are innocent until *proven* guilty in accordance with the Constitution, which includes the Sixth Amendment right to the effective assistance of counsel. *See id.* ("Nor would the public interest dictate a ruling that the Commonwealth should be able to keep a petitioner, who this court found was convicted in violation of the Equal Protection Clause of the United States Constitution, in custody for a lengthy period pending retrial.").

It is difficult to ascertain how long appellate review will take. The Court does not believe that the burden imposed by this delay should fall on Petitioner, who this Court found was improperly convicted. In the Court's view, "the public interest is best served by remedying the effects of an unconstitutional conviction." *Nash v. Eberlin*, No. 5:04-CV-435, 2006 WL 2251873, at *2 (N.D. Ohio Aug. 4, 2006). But for the second degree murder conviction, Petitioner has no criminal history and the Court can discern no other basis to assess risk to the public upon Petitioner's release. *Cf. id.* If Respondent is concerned about the risks posed by Petitioner's release, Respondent can expeditiously retry Petitioner. Accordingly, the Court finds that this factor also weighs in favor of Petitioner.

E.  State's Interest in Continuing Custody and Rehabilitation

Respondent's interest in continuing custody and rehabilitation is "strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Hilton*, 481 U.S. at 776. Petitioner has served eight years, which

is slightly less than half of his minimum sentence of 20 years. This factor favors Respondent because Petitioner still has at least 12 years to serve to reach the minimum sentence, and upwards of 42 more years for the maximum sentence. *See Davis v. Warden*, No. 85 C 4120, 1988 WL 79634, at *1 (N.D. Ill. July 25, 1988) ("The interest in staying any release of petitioner is strongest when petitioner has yet to serve the greatest portion of his sentence."); *cf. Clark v. Perez*, No. 05 Civ. 698(SAS), 2006 WL 3377606, at *2 (S.D.N.Y. Nov. 15, 2006) (finding that the petitioner's continued confinement weighed in favor of the state because at a minimum, she had 50 years left to serve in custody). Thus, the Court finds that this factor favors granting Respondent a stay.

   F.  Risk of Flight

The same facts relied on for analyzing the state's interest in continuing custody and rehabilitation are pertinent to Petitioner's risk of flight. Because Petitioner has only served eight years of his sentence and still faces at least 12 more years and as much as 42 more years, the Court is compelled to find that Petitioner presents a flight risk. *Cf. Davis*, 1988 WL 79634, at *1 (concluding that because the petitioner had served only five years of a fifty year sentence, "[i]t is well recognized that there exists under these circumstances a strong danger that the released prisoner might flee the jurisdiction"). This conclusion is further supported by the state trial judge's decision to not release Petitioner from jail pending trial. Although the state judge did not expressly find that Petitioner presented a flight risk, it is reasonable to conclude that this was a consideration.

No affidavits have been submitted to the Court indicating that Petitioner has a supportive network waiting for him if he were to be released. The Court is unaware of whether Petitioner has family and friends who are willing to help him adjust to non-prison life, whether he has a place to reside and call home, whether he has any employment prospects, and whether he has any community

ties. *Cf. Caldwell v. Maloney*, 11 F. Supp. 2d 164, 165 (D. Mass. 1998). Accordingly, this factor also favors Respondent.

### G. Danger to the Public

Various considerations impact the Court's analysis of whether Petitioner presents a danger to the public, many of which were already addressed when the Court analyzed the public interest. It is important to bear in mind that Petitioner does not have a criminal record. Thus, were it not for the unconstitutional second degree murder conviction, the Court would have no reason to believe Petitioner constitutes a danger to the public.

As aforementioned, when the Court granted Petitioner's habeas corpus petition, it did not find that Petitioner is innocent; the Court was not acting as a fact-finder. Respondent has not submitted affidavits or any other information indicating Petitioner is dangerous. Based on the record, the Court cannot say Petitioner presents a danger to the public. Thus, this factor weighs in favor of Petitioner.

## IV. CONCLUSION

Upon review of the stay considerations outlined in *Hilton v. Braunskill*, the Court finds the following in favor of Petitioner Chamar Avery: Petitioner has made a strong showing that he is likely to succeed on the merits, Respondent John Prelesnik will not be irreparably injured absent a stay, Petitioner will be substantially injured if a stay is granted, public policy considerations disfavor a stay, and Petitioner does not pose a danger to the public. On the other hand, the Court finds Respondent has a strong interest in Petitioner's custody and rehabilitation and that Petitioner represents a flight risk. Based on a weighing of these factors, in its discretion the Court finds that a stay is not appropriate.

Regarding Petitioner's Motion for Immediate Release or Reasonable Bond, in its discretion the Court finds "immediate" release is not appropriate. In the Court's Writ, Respondent was allotted 120 days to retry Petitioner. The Court can discern no reason to release Petitioner before this period of time has expired.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 7, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |